# 15-0992-cr(L),

## 19-3507-cr(CON), 19-3573-cr(CON), 19-3815-cr(CON)

# United States Court of Appeals

*for the*

# Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

SALVATORE ROMANO, MICHAEL DIBARI, AKA Bob Atwell,
BILL GRAYSON, AKA Mark Vaith, RUSSELL BARNES, AKA Rusty,
AKA Russ, AKA Kevin Wells,

*Defendants,*

JOSEPH ROMANO, VINCENT ROMANO, KEVIN WELLS,

*Defendant-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**BRIEF AND SPECIAL APPENDIX FOR**
**DEFENDANT-APPELLANT JOSEPH ROMANO**

ANDREW H. FREIFELD, ESQ.
*Attorney for Defendant-Appellant*
*Joseph Romano*
P.O. Box 3196
New York, New York 10008
(917) 553-6030

# TABLE OF CONTENTS


| | Page |
|---|---|
| Table of Authorities | iii |
| Jurisdictional Statement | 1 |
| Issues Presented | 2 |
| Statement of the Case | 2 |
| Statement of Facts | 3 |
| The Second Superseding Indictment | 3 |
| The Plea Agreement and The Change of Plea Hearing | 4 |
| Sentencing and Subsequent Appearances Regarding Restitution; Romano Is Charged In A Separate Action | 5 |
| Romano's Three Requests for Assigned Counsel | 6 |
| The Action Against Michael Romano and William Kearney | 7 |
| The Resumption of Restitution-Related Proceedings | 8 |

| | Page |
|---|---|
| Argument……………………………………………………… | 10 |
| I. Romano's Was Deprived Of His Right To Counsel ………………………… | 10 |
| A. Legal Framework………………………… | 10 |
| B. Romano's Requests For Counsel Were Denied Or Ignored……….. | 14 |
| . II. Romano Respectfully Adopts The The Arguments Of His Co-Appellants………….. | 17 |
| Conclusion……………………………………………………….. | 18 |
| Certificate of Compliance…………………………………….., | 19 |
| Special Appendix…………………………………………… | SPA-1 |

# TABLE OF AUTHORITIES

Page(s)

U.S. Constitution

*Sixth Amendment*………………………………………………………… *passim*

Statutes

18 USC § 1341……………………………………………………………. 3

18 USC § 1343…………………………………………………………… 3

18 USC § 1957(a) ……………………………………………………….. 3

18 USC § 1957(b) ……………………………………………………….. 3

18 USC § 3231………………………………………………………….. 1

28 USC § 1291……………………………………………………………. 1

Cases

*Arizona v. Fulminante*, 499 U.S. 279 (1991) ……………………….. 10, 11

*Brecht v. Abrahamson*, 507 US 619 (1993) ………………………… 11

*Coleman v. Alabama*, 399 U.S. 1, 7 (1970) ………………………… 12

*Chapman v. California*, 386 U.S. 18 (1967). ……………………….. 10

*Gideon v. Wainwright*, 372 US 335 (1963) ………………………… 11

*Gonzalez v. United States*, 722 F.3d 118 (2d Cir. 2013)…………….. 12

*Lainfiesta v. Artuz*, 253 F. 3d 151 (2d Cir. 2001)…………………… 11

Page(s)

*Lopez v. Scully*, 58 F. 3d 38 (2d Cir. 2003)……………………….. 12

*Lyndonville Sav. Bank & Trust Co. v. Lussier*,
211 F.3d 697 (2d Cir.2000)…..……………………………. 13

*Mempa v. Rhay*, 389 U.S. 128 (1967)……………….…………….. 12

*Mickens v. Taylor*, 535 US 162 (2002)…………….……………….. 12

*Penson v. Ohio*, 488 US 75 (1988)……………………………….. 11

*Smalls v. Batista*, 191 F.3d 272 (2d Cir. 1999)…………………… 11

*Smith v. Hood*, 900 F.3d 180 (5th Cir. 2018)……………………... 17

*Strickland v. Washington*, 466 U.S. 668 (1984)……………………. 10

*United States v. Cohan*, 798 F.3d 84 (2d Cir. 2015)……………….. 13

*United States v. Chronic*, 466 US 648 (1984)……………………. 12

*United States v. David*, 940 F.2d 722 (1st Cir. 1991)………….…. 17

*United States v. Feliciano*, 223 F.3d 102 (2d Cir. 2000)…………… 10

*United States v. Moran-Toala*, 726 F.3d 334 (2d Cir. 2013)………... 11

*United States v. Oladimeji*, 463 F.3d 152 (2d Cir. 2006)……………. 12, 18

*United States v. Pleitez*, 876 F.3d 150 (5th Cir. 2017………………... 14

*United States v. Michael Romano*, 794 F. 3d 317 (2d Cir. 2015)……. 8

*United States v. Satterfield*, 743 F.2d 827 (11th Cir.1984)………... 13

*United States v. Timilty*, 148 F.3d 1 (1st Cir.1998)………………… 13

Page(s)

*United States v. Torriero*, # 16-2368-cr (2d Cir. 2017)................ 12, 13

*United States v. Triumph Capital Group, Inc.*,487 F.3d 124 (2d Cir. 2007).................................. 14

*United States v. Yakobowicz*, 427 F. 3d 144 (2d Cir. 2005)........... 10

*Yarborough v. Keane*, 101 F.3d 894 (2d Cir. 1996)...................

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| United States of America,<br><br>Appellee,<br><br>vs.<br><br>Joseph Romano,<br><br>Defendant-Appellant. | Docket # 15-992<br><br>Romano's Brief |

Defendant-Appellant Joseph Romano, by undersigned counsel, submits this brief in support of his appeal of an amended judgment of conviction and sentence entered October 16, 2019 (the "Amended Judgment"), in the U.S. District Court for the Eastern District of New York, under Docket # 09-cr-170-SJ, by the Hon. Sterling Johnson, Jr., *USDJ*.[1]

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 18 USC § 3231, as Romano was charged with committing "offenses against the United States". This Court has jurisdiction under 28 USC § 1291, because the Amended Judgment is a "final

[1] A joint appendix ("A") is being filed with this brief. A special appendix containing the Amended Judgment is attached hereto. A number (or numbers) that follows a colon that follows "A" in this brief refers to a page (or pages) of the joint appendix. A number (or numbers) following a colon following a page number refers to the number of a line (or lines) on the page.

decision" of the district court. The Amended Judgment entered October 16, 2019. (A: 62; SPA) On November 8, 2019, Romano moved to extend his time to file a notice of appeal of the Amended Judgment to November 29, 2019. (A: 64**)** On November 13, 2019, Romano filed a notice of appeal of the Amended Judgment. (A: 64, 1093**)** On November 24, 2020, the district court granted Romano's motion to extend his time to file a notice of appeal to November 29, 2019. (A: 65)

## ISSUES PRESENTED

I. Whether Romano, who'd been appearing *pro se*, was deprived of his right to counsel under the *Sixth Amendment* when the district court denied or ignored his requests for the appointment of counsel in connection with then-pending restitution proceedings?

II. Whether this Court should permit Romano to adopt the arguments propounded by his co-appellants, Vincent Romano and Kevin Wells, in their briefs on this appeal?

## STATEMENT OF THE CASE

On September 28, 2010, the district court accepted Romano's guilty plea to one count of conspiracy to commit mail and wire fraud in full satisfaction of a second superseding indictment filed in September 2009. On February 2, 2012, Romano was sentenced principally to a term of imprisonment of 180 months. Judgment entered October 19, 2012. (Hon. Joseph F Bianco, *USDJ*) On October 9, 2019, the district court adopted *en toto* a January 6, 2015 Report and Recommendation issued by a magistrate judge proposing a restitution order against Romano and other defendants,

jointly and severally, in the amount of $19,070,401.25. The Amended Judgment including the restitution order entered October 16, 2019. (Hon. Sterling Johnson, Jr., *USDJ*) Romano, in custody since March 2010 (A: 9-10) and serving the sentence, appeals.[2]

## STATEMENT OF FACTS

### The Second Superseding Indictment

Romano and six others were charged in the two-count second superseding indictment filed September 8, 2009. (A: 66) Count One charges all defendants with Conspiracy to Commit Mail and Wire Fraud in violation of 18 USC §§ 1341 and 1343, in the Eastern District of New York and elsewhere, in or about and between August 2001 and November 2008. Count Two charges Money Laundering Conspiracy in violation of in violation of 18 USC §§ 1957(a) and 1957(b), at the same places and times charged in Count One.

The indictment charges that all defendants, including Salvatore Romano and Vincent Romano, Romano's brothers, were associated with companies involved in the telemarketing of coins, named Last Quarter Coin, which operated from August 2001 to July 2004, American Coin, which operated from June 2004 to June 2007,

---

[2] On April 14, 2014, in *United States v. Joseph Romano*, 12-cr-00691-JFK (EDNY), Romano was sentenced to two concurrent terms of life imprisonment, to run consecutive to the sentence on the instant case. This Court affirmed. *United States v. Romano*, 630 Fed. App'x 56 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 2041 (2016).

and All-American Coin, which operated from July 2007 to November 2008 (together, the "'Subject Companies" or the "Companies"). (A:66-67) The indictment charges that the Companies misrepresented the value of coins they sold causing customers to buy coins worth substantially less than the purchase price. The Companies also caused customers to make additional purchases by misrepresenting that they'd introduce the customers to investors seeking to obtain complete sets of coins.

The Plea Agreement and
<u>the Change of Plea Hearing</u>

Under the terms of a plea agreement executed September 28, 2010, Romano will plead guilty to Count One and the government will dismiss Count Two at sentencing. (A: 147) Further, Romano agrees to waive his right to challenge his conviction or sentence by appeal or collateral attack in the event the sentence includes a term of imprisonment of 188 months or less. (A: 149) Romano agrees to entry of a money judgment to be satisfied in part or whole by his forfeiture of identified assets. (A: 150)

On September 28, 2010, at the plea hearing (A: 89), Romano admits that from 2001 to 2008, in the Eastern District of New York, he conspired with others to use telephones and shipping services to induce consumers "into purchasing coins through [knowingly] false representations as to the value of the coins and the

existence of an investor willing to repurchase the coins at a profit". (A: 122) Romano acknowledges that his plea exposes him to a statutory range of imprisonment of from zero to twenty years (A: 106-07), and that the contemplated crime of conviction subjects him to a mandatory "restitution order … in an amount to be determined by the court". (A: 107)

Sentencing and Subsequent Appearances Regarding
Restitution; Romano Is Charged In A Separate Action

Sentence was imposed February 9, 2012. (A: 200) The district court found Romano's sentencing range under the Guidelines to be 151-188 months, based on a final offense level of 34 and a criminal history category I (A: 202), and imposed sentence, principally a term of imprisonment of 180 months. (A: 215) The matter was adjourned "for the restitution hearing". (A: 216)

Romano had always appeared by retained counsel. On March 20, 2012 (A: 217.1-217.22), the district court, after informing Romano that all that remained to be done was to determine restitution (A: 217.2-217.3, 217.4), and alerting him to the substantial risks one assumes by waiving her constitutional right to counsel (A: 217.5-217.6), granted Romano's request to appear *pro se* thereafter.

On October 6, 2012, with restitution still unresolved, Romano was arrested and charged in *United States v. Joseph Romano*, 12-cr-00691-JFK (EDNY), with two counts of conspiracy to murder.

Here, Judge Bianco entered judgment on October 19, 2012 (A: 39), and the case was reassigned to the Hon. Sterling Johnson, Jr. (A: 41) On January 17, 2013, Judge Johnson referred "the hearing on restitution" to a magistrate judge (A: 42), and the matter was assigned to Magistrate Judge Vera M. Scanlon. (A: 43) With Romano's other case on a trial track, the magistrate here adjourned restitution proceedings *sine die* on April 3, 2013. (A: 44) Romano was convicted on the other case in January 2014, and sentenced on April 14, 2014.

Romano's Three Requests
for Assigned Counsel

Once the district court on Romano's other case on October 9, 2012 deemed Romano indigent and assigned counsel to represent him (A: 349), Romano never appeared there other than by assigned counsel through the April 14, 2014 sentencing.

By letter entered on the instant docket on May 2, 2013, Romano *pro se* asked the district court to assign counsel to represent him here. (A: 45, 269) The district court summarily declined the request that same day. (A: 45)

At a status conference on restitution before the magistrate on April 16, 2014 (A: 48-49, 292-352), Romano again requested the assignment of counsel, pointing out that he was deemed indigent on the other case in 2012, has not been at liberty since, and there'd been no change in his financial circumstances. (A: 313, 324, 326, 349) The magistrate indicated she'd consult with the district court. (A: 322:17-19,

328:20, 332:1) The record shows that the court never addressed the request thereafter.

Restitution proceedings convened May 22, 2014 and July 15, 2014. (A:386) The magistrate judge issued a Report & Recommendation on January 6, 2015 (the "R&R"). (A: 935) By filing of February 17, 2016, Romano moved again for the appointment of counsel. (A: 1010) The district court never ruled. The district court did not adopt the R&R until October 2019. (A: 61, 1056)

The Action Against Michael
Romano and William Kearney

In June, 2011, in a separate action styled *United States v. Michael Romano, et al.*, 09-cr-168 (EDNY), William Kearney and Romano's brother, Michael Romano, were convicted by jury of conspiracy to commit mail and wire fraud, and conspiracy to engage in money laundering, arising from a fraudulent scheme relating to the telemarketing of coins.

The task of preparing a report and recommendation as to restitution was referred to Magistrate Judge Vera M. Scanlon, who conducted a hearing on June 26 and 27, 2013. The methodology proffered by the government to determine the amount that coin purchasers lost included the grading and valuing of some of the coins allegedly sold by the coin companies with which Michael Romano was affiliated. In a report and recommendation entered December 27, 2013, Magistrate

Judge Scanlon adopted the government's methodology *en toto,* recommending the entry of an order of restitution against defendants in the amount of $9,139,727.10, which the district court so-ordered and incorporated into a judgment entered March 21, 2014. The convictions were affirmed in *United States v. Romano,* 794 F. 3d 317 (2d Cir. 2015), except that the case was remanded due to the district court's failure to accord *de novo* review to the report and recommendation of the magistrate before adopting it. *Id*. at 341.

The Resumption of Restitution-
Related Proceedings Here

Restitution proceedings resumed here with the government's letter, filed March 17, 2014, asking the magistrate to report and recommend entry of an order of restitution against all defendants in the amount of $19,070,401.25 (A: 48), followed by appearances on April 16, 2014 (A: 292), May 22, 2014 (A: 353) and July 15, 2014. (A: 386)

During these appearances, the parties acknowledged that the government was urging that the court employ the same valuation method it used to determine restitution in the *Michael Romano* case, just substituting the numbers that were applicable to victims there with the numbers applicable to victims here. Accordingly, the parties stipulated that the record for the restitution determination here would consist of the testimony of a putative coin expert called by the

government at the *Michael Romano* trial, who testified about the manner by which he placed values on coins that, it had been represented to him, were some of the coins that were the subject of the fraud, all of the testimony at the *Michael Romano* restitution hearing, including from a Postal Inspector for the government who testified about how victims were identified and each's loss was determined, and from two defense witnesses, each of whose respective expertise led him to find the government's methodology lacking. In addition, the Postal Inspector was called to testify on July 15, 2014, and sundry exhibits underlying his methodology were admitted.

The R&R issued on January 5, 2015 (A: 935), with the docket showing that objections are due by January 28, 2015. (A: 55) In a letter filed January 22, 2015, the government states that the R&R was received at a post office box at the United States Penitentiary in Marion, Illinois, where Romano is in custody, on January 20, 2015. In a letter filed February 17, 2015 Romano maintains that he timely filed objections but that the flow of his mail has been interrupted regularly. (A: 1000) On March 5, 2015, the district court denied Romano's motion for additional time to file objections. (A: 55) Then the district court didn't adopt the R&R until October 6, 2019. (A: 1056)

# ARGUMENT

## I.

## ROMANO'S WAS DEPRIVED OF HIS RIGHT TO COUNSEL

Romano was totally deprived of his right to counsel under the *Sixth Amendment* to the U.S. Constitution by entry of the restitution order in the Amended Judgment. The error is structural, making reversal automatic. The case should be remanded for a determination of restitution anew.

### A. Legal Framework

The *Sixth Amendment* to the U.S. Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." The *Sixth Amendment* guarantee of counsel ensures that reliance on the outcome of the proceeding is justified. *Strickland v. Washington*, 466 U.S. 668, 691–92 (1984).

In *United States v. Yakobowicz*, 427 F. 3d 144, 153 (2d Cir. 2005), the Second Circuit observed:

> A constitutional error does not always require reversal of a criminal conviction. *Chapman v. California*, 386 U.S. 18, 22 (1967). There are two kinds of errors: "'trial errors' which are of relatively limited scope and which are subject to harmless error review, and 'structural defects' which require reversal of an appealed conviction because they 'affect the framework within which the trial proceeds.'" *United States v. Feliciano*, 223 F.3d 102, 111 (2d Cir. 2000) (*quoting Arizona v. Fulminante*, 499 U.S. 279, 307-10 (1991)).

> "Errors are properly categorized as structural … if they so fundamentally undermine the fairness or the validity of the trial that they require voiding its result regardless of identifiable prejudice." *Yarborough v. Keane*, 101 F.3d 894, 897 (2d Cir. 1996).

(parentheticals omitted) The Court offered "deprivation of right to counsel" as an example of structural error. *(Id.)* *See also, United States v. Moran-Toala*, 726 F.3d 334, 343 (2d Cir. 2013) (structural errors involve "bedrock constitutional rights such as the total deprivation of the right to counsel"); *Smalls v. Batista,* 191 F.3d 272, 282 (2d Cir. 1999) (deprivation of the right to counsel is "a common example of a structural defect").

Structural error means reversal is automatic; defendant need show no prejudice. *Brecht v. Abrahamson,* 507 US 619, 629-30 (1993) (error such as deprivation of counsel is deemed structural, warranting "automatic reversal", because it "infect[s] the entire trial process") (citing *Gideon v. Wainwright,* 372 US 335 (1963); *Arizona v. Fulminante*, 499 US 279, 309 (1991) ("structural defects in the constitution of the trial mechanism … defy harmless error analysis"); *Penson v. Ohio,* 488 US 75, 88 (1988) ("a pervasive denial of counsel casts such doubt on the fairness of the trial process that it can never be considered harmless error").

Right to counsel violations arise to "structural error" in two scenarios: when it "amount(s) to an actual or constructive denial of the assistance of counsel altogether, or when counsel was prevented from assisting the accused during a critical stage of the proceedings". *Lainfiesta v. Artuz*, 253 F. 3d 151, 156-57 (2d Cir.

2001) (internal quotation marks and citations omitted); *Mickens v. Taylor*, 535 US 162, 166 (2002) ("[w]e have spared the defendant the need of showing probable effect upon the outcome, and have simply presumed such effect, where assistance of counsel has been denied entirely, or during a critical stage of the proceeding"); *United States v. Chronic*, 466 US 648, 659 n. 24 (1984) ("The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.");

The right to counsel attaches at every critical stage of a criminal proceeding, *Coleman v. Alabama,* 399 U.S. 1, 7 (1970), *Mempa v. Rhay*, 389 U.S. 128, 134 (1967) ("Appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected."), including sentencing. *Gonzalez v. United States*, 722 F.3d 118, 129 (2d Cir. 2013) (failure to advocate); *Lopez v. Scully,* 58 F. 3d 38, 41 (2d Cir. 2003) (as "sentencing is a critical stage of the criminal proceeding", defendant is entitled to unconflicted counsel there even if potential conflict first arises post-conviction).

Restitution is a part of sentencing. *United States v. Oladimeji,* 463 F.3d 152, 156 (2d Cir. 2006) ("[w]ithout doubt, a restitution order is part of the sentence…."); *United States v. Donald Torriero*, # 16-2368-cr (2d Cir. 2017) (summary order) (the right to counsel applies to restitution proceedings because they are "part of criminal

prosecutions"). The following discussion of cases establishes that the right to counsel applies to judgments of restitution issued in criminal cases. In *United States v. Cohan*, 798 F.3d 84 (2d Cir. 2015), the government moved for writs of garnishment to satisfy a restitution order. The district court conducted an evidentiary hearing on defendant's claim that the motion violated the parties' earlier agreement, then issued the writs. On appeal defendant charged that his counsel at the hearing had a conflict of interest. The Second Circuit observed:

> The [MVRA] makes restitution mandatory for certain crimes including the ones at issue here. <u>The imposition of restitution is part of a defendant's criminal prosecution</u>. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 702 (2d Cir.2000) ("Congress intended to make restitution an element of the criminal sentencing process and not an independent action civil in nature.") (citation omitted)); *see also United States v. Timilty*, 148 F.3d 1, 3–4 (1st Cir.1998) (restitution order does not need to be reduced first to a civil judgment); *United States v. Satterfield*, 743 F.2d 827, 836 (11th Cir.1984) ("Congress made clear in both the language of the statute and its accompanying legislative history that victim restitution would be imposed as a criminal, rather than civil, penalty.") (interpreting the Victim and Witness Protection Act, which was amended by the MVRA).
>
> However, a writ of garnishment seeks to enforce an already existing order of restitution. <u>It is not part of defendant's criminal sentencing because it does not implicate the imposition of restitution</u>.

(*Id.* at 89) (emphasis added) (statutory citations omitted).

Still more impressive is *United States v. Donald Torriero*, # 16-2368-cr (2d Cir. 2017) (summary order), where Moynihan, defendant's assigned counsel, was relieved by this Court because defendant asserted that he'd been ineffective below.

Thereafter, the government moved the district court for additional restitution based on victims' post-sentencing losses. Aware that this Court had relieved counsel, the district court reassigned Moynihan as counsel nonetheless. Later, the district court denied defendant's subsequent request for different counsel, and ordered the requested additional restitution. Relying on *Cohan,* this Court rejected any argument that the defendant was not entitled to conflict-free counsel during the restitution-related proceedings (and remanded for a *Curcio* hearing to determine issues of conflict and waiver).

Finally, in *United States v. Pleitez,* 876 F.3d 150 (5th Cir. 2017), the district court entered judgment while acknowledging that the Probation Office would be updating proposed restitution determinations. Defendant was without counsel thereafter when the district court adopted the updated proposals and entered an amended judgment accordingly. The Fifth Circuit vacated the restitution order based on the absence of counsel when its amount was determined and ordered. *Id*. at 159.

This Court reviews *Sixth Amendment* claims of deprivation of counsel *de novo. United States v. Triumph Capital Group, Inc.,*487 F. 3d 124, 131 (2d Cir. 2007).

B. Romano's Requests For <u>Counsel Were Denied Or Ignored</u>

None of Romano's three requests for assigned counsel following his waiver of the right to counsel on March 20, 2012 were honored, and Romano never appeared

by counsel here again through the entry of the Amended Judgment on October 19, 2019. Thus, Romano was totally deprived of the *Sixth Amendment* guarantee of counsel in connection with the entry of the restitution order.

At the March 20, 2012 status conference, when Romano waived his right to counsel, the district court informed him that with respect to the only outstanding issue going forward, restitution, he had a "constitutional right to be represented by counsel", and that, if he cannot afford counsel, "the Court would appoint a lawyer to represent you free of cost to you". (A: 217.4) The court alerted Romano that:

> the government is seeking to have the Court enter a substantial restitution order in this case against you, and there are a whole series of statutory provisions as well as cases that deal with the issue of restitution, what the Court should consider, how restitution should be calculated, and it would be the role of an attorney on your behalf … to put in a written submission as well as to be orally heard in court to explain to me what they believe, what you believe the law is and what the appropriate restitution order, if any, should be in this case, and that would be what the role of an attorney would be in connection with this type of issue.
>
> ***
>
> They could look up the law and determine whether or not the government's legal position is correct on how it should be calculated, and can also determine based upon the affidavits, the two binders of affidavits whether or not there's a factual basis for it.

(A: 217.5-217.6) Acknowledging that he was without legal experience in the face of all this, Romano nevertheless waived his right to counsel. (A: 217.3-217.4)

Thereafter Romano changed his mind. But the district court proffered no reason for its May 2, 2013 denial of Romano's request for counsel filed just that day. (A: 45, 269**)** We maintain that the government here will be unable to proffer a legal justification for the flat (and inexplicably hasty) denial. The May 2, 2013 order alone warrants vacatur of the restitution order in the Amended Judgment.

As that request should have been granted, Romano should not have been constrained at the next court appearance, April 16, 2014, to repeat the request. (A: 313:12-17; 324:1-5) But he did so, and Magistrate Scanlon adjourned the case stating that she'd check with Judge Johnson regarding Romano's application. Thereafter, insofar as the court is concerned, the issue disappears from the record.

Although there was some talk on April 16, 2014 about Romano's unwillingness to sign a financial affidavit, the magistrate never said it was required, and in fact even after Romano apparently refused, the magistrate gave him reason to believe that the affidavit might not be necessary:

THE COURT: Is it a correct statement that since the last two times you've made a request for a CJA attorney, including the October 2012 application and the one you just referred to that you think was made to Judge Johnson in 2013, that you have had no improvement in your financial situation?

J. ROMANO: Yes. And I –

THE COURT: And you have no additional assets?

J. ROMANO: Yes.

(A: 350**)** The court reserved decision pending its consultation with the district Judge. (A: 322:17-19)

Finally, in asking for the appointment of counsel in his filing of February 16, 2016 (A: 1010), Romano avers that he cannot afford counsel, that the issue involved in the case are complex and that he had limited knowledge of the law. The district court never acknowledged this motion, and didn't decide to adopt the R&R until 40 months later, ample time for counsel, if appointed, to have submitted substantive argument.

Because it entered in violation of Romano's rights under the *Sixth Amendment*, the restitution order should be vacated.

## II.

## ROMANO RESPECTFULLY ADOPTS THE THE ARGUMENTS OF HIS CO-APPELLANTS

Pursuant to Federal Rule of Appellate Procedure 28(i), Romano respectfully adopts the arguments of his co-appellants, Vincent Romano and Kevin Wells. Moreover, as we have reason to believe that every argument made in their briefs is equally applicable herein, and none are fact-specific to the exclusion of Romano, the arguments set out there should be deemed transferrable here without further briefing. *See, e.g.*, *United States v. David*, 940 F.2d 722, 737 (1st Cir. 1991); *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018).

A few matters bear noting still. First, Romano's appeal waiver did not mention restitution; therefore, the restitution order in the Amended Judgment lies beyond its reach. *United States v. Oladimeji*, 463 F.3d 152 (2d Cir. 2006). Second, Romano claimed that from prison in Marion, Illinois, he had timely filed objections which the Court never received. Even if the Court doesn't credit his account, it would be odd if this Court assessed the adoption of the R&R by the district court under a lower standard with respect to the co-appellants who, represented by counsel, filed timely objections to the R&R, than the standard applied to Romano's claims because he did not.

## CONCLUSION

For these reasons the order of restitution in the Amended Judgment should be vacated.

Dated: January 27, 2021
New York, New York

Respectfully submitted,

s/Andrew Freifeld
Andrew H. Freifeld, Esq.
PO Box 3196
New York, New York 10008
(917) 553-6030

Attorneys for Defendant-Appellant
Joseph Romano

CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,065 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14-point font size, using Times New Roman style.

s/
Andrew H. Freifeld
Attorney for Appellant
Joseph Romano

Dated: January 27, 2021
New York, New York

# SPECIAL APPENDIX

## TABLE OF CONTENTS

| | Page |
|---|---|
| Amended Judgment of the United States District Court, Eastern District of New York, dated October 16, 2019 | SPA-1 |

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Eastern District of New York

UNITED STATES OF AMERICA
v.
JOSEPH ROMANO

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: CR 09-0170 (S-2)-01(SJ)
USM Number: 72247-053

**Date of Original Judgment:** 10/19/2012
*(Or Date of Last Amended Judgment)*

Mark Goidell, 377 Oak Street, Garden City 11530
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s) One of a Two-Count Second Superseding Indictment.

☐ pleaded nolo contendere to count(s) ____ which was accepted by the court.

☐ was found guilty on count(s) ____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1349,1341 and 1343 | Conspiracy to Commit Mail Fraud and Wire Fraud | 11/30/2008 | 1s |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☑ Count(s) All open Counts ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/9/2012
Date of Imposition of Judgment

[signature]
Signature of Judge

STERLING JOHNSON, JR. U.S.D.J.
Name and Title of Judge

10/16/2019
Date

DEFENDANT: JOSEPH ROMANO
CASE NUMBER: CR 09-0170 (S-2)-01(SJ)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
180 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ________________ ☐ a.m. ☐ p.m. on ____________________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________________ to ______________________________

at ______________________________ with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOSEPH ROMANO
CASE NUMBER: CR 09-0170 (S-2)-01(SJ)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: JOSEPH ROMANO
CASE NUMBER: CR 09-0170 (S-2)-01(SJ)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________________ Date _______________

DEFENDANT: JOSEPH ROMANO
CASE NUMBER: CR 09-0170 (S-2)-01(SJ)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a mental health evaluation and treatment program as approved by the U.S. Probation Department. The defendant shall contribute to the cost of services rendered and/or any psychotropic medications prescribed via co-payment or full payment, in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.
2. The defendant is prohibited from engaging in the telemarketing business and he is to assist the U.S. Probation Department in verifying the job description of any employment he secures while under supervision.
3. The defendant shall comply with the forfeiture as ordered by the Court.
4. The defendant shall make full financial disclosure, as directed, to the Probation Department.

DEFENDANT: JOSEPH ROMANO
CASE NUMBER: CR 09-0170 (S-2)-01(SJ)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 19,070,401.25 | $ | $ | $ |

☐ The determination of restitution is deferred until ________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| SEE ATTCHED LIST | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOSEPH ROMANO
CASE NUMBER: CR 09-0170 (S-2)-01(SJ)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ______ (e.g., weekly, monthly, quarterly) installments of $ ______ over a period of ______ (e.g., months or years), to commence ______ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal ______ (e.g., weekly, monthly, quarterly) installments of $ ______ over a period of ______ (e.g., months or years), to commence ______ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ______ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| Salvatore Romano<br>2:09-cr-00170-SJ-2 | $19,070,401.25 | $19,070,401.25 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See Amended Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: JOSEPH ROMANO
CASE NUMBER: CR 09-0170 (S-2)-01(SJ)

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant numbers) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Vincent Romano<br>2:09-cr-00170-SJ-3 | $19,070,401.25 | $19,070,401.25 | |
| Thomas Arnold<br>2:09-cr-00170-SJ-4 | $19,070,401.25 | $19,070,401.25 | |
| Michael Dibari<br>2:09-cr-00170-SJ-5 | $19,070,401.25 | $19,070,401.25 | |
| Kevin Wells<br>2:09-cr-00170-SJ-7 | $13,975,339.60 | $13,975,339.60 | |

DEFENDANT: JOSEPH ROMANO
CASE NUMBER: CR 09-0170 (S-2)-01(SJ)

## ADDITIONAL FORFEITED PROPERTY

SEE ATTACHED ORDER OF FORFEITURE