MANDATE

15-992(L)
*United States v. Romano*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-two.

Present:

JOSÉ A. CABRANES,
GERARD E. LYNCH,
WILLIAM J. NARDINI,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v. 15-992(L)
19-3507(Con)
19-3573(Con)
19-3815(Con)
22-1782(Con)

JOSEPH ROMANO, VINCENT ROMANO, AND KEVIN WELLS,

*Defendants-Appellants*,

SALVATORE ROMANO, MICHAEL DIBARI, AKA BOB ATWELL, BILL GRAYSON, AKA MARK VAITH, AND RUSSELL BARNES, AKA RUSTY, AKA RUSS, AKA KEVIN WELLS,

*Defendants*.

---

For Appellee: Susan Corkery, Lauren H. Elbert, Assistant United



MANDATE ISSUED ON 03/02/2023

| | |
|---|---|
| | States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY |
| For Defendant-Appellant Joseph Romano: | Gary M. Kaufman, Law Office of Gary Kaufman, PLLC, New York, NY |
| For Defendant-Appellant Vincent Romano: | Arthur Kenneth Womble, Jr., Zeman & Womble, LLP, New York, NY |
| For Defendant-Appellant Kevin Wells: | Peter J. Tomao, Garden City, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric R. Komitee, *Judge*) entered on July 19, 2022.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendants-Appellants Joseph Romano, Vincent Romano, and Kevin Wells appeal from an amended judgment in the United States District Court for the Eastern District of New York, entered against them on July 19, 2022. The judgment followed a limited remand from this Court, which directed the District Court primarily to review Defendants' objections to the magistrate judge's report and recommendation ("R&R") concerning the restitution entered in this case. *See United States v. Romano*, No. 15-992, 2022 WL 402394 (2d Cir. Feb. 10, 2022). The District Court conducted a *de novo* review of the objections and adopted the R&R in full, with the exception of a fifteen-dollar reduction in the restitution owed to one victim. Defendants' appeals were reinstated, pursuant to the terms of the limited remand, following their letter request dated July 16, 2022. Dkt. 316. We assume the parties' familiarity with the case.

We review issues of law in a restitution order "*de novo*, findings of adjudicative fact for clear error, and the multi-factor balancing aspects of such an order for abuse of discretion." *United States v. Jaffe*, 417 F.3d 259, 263 (2d Cir. 2005). Defendants argue, first, that the District Court

erred in determining the restitution amounts. For largely the reasons given in Judge Komitee's thorough analysis, we reject these arguments. Defendants charge the Government with relying on unqualified experts who used an unexplained valuation methodology, but as Judge Komitee noted, those experts—including a former president of the Professional Numismatics Guild—had ample experience and qualifications, and their estimates of the value-to-price ratio closely matched the ratio between the price Defendants paid for their inventory of coins and their revenue during the conspiracy. Defendants further complain that the Government used small sample sizes and did not document the identity of the valued coins. These arguments fall short: the Government sampled 2,200 coins and relied on sworn affidavits to establish the victims' ownership. Finally, the calculation errors Defendants allege are, as the Government explains, not errors at all: they reflect merely instances in which the Government relied on actual losses (for victims who sold their coins) rather than imputed losses (for victims who kept them).

Beyond Defendants' general arguments, Wells specifically objects to the restitution calculation as applied to him. He claims that he caused less of the loss than did the other defendants. But the calculation already takes into account that he joined the conspiracy later than the others. And once Wells signed up, he became liable for the full loss from that point onwards so long as he "knew or reasonably should have known about some or all of the conspiracy's past [conduct]." *See United States v. Bengis*, 783 F.3d 407, 413 (2d Cir. 2015). Nor was Wells improperly denied the chance "to examine the witness who prepared" the restitution calculation that applied to him. Wells Br. at 18. On the contrary, Wells was offered the chance to question Agent Hessle at the July 2014 restitution hearing, an opening that—although he did not take it—constituted the "opportunity to rebut the Government's allegations" to which he was entitled.

*United States v. Sabhnani*, 599 F.3d 215, 258 (2d Cir. 2010) (quoting *United States v. Maurer*, 226 F.3d 150, 151–52 (2d Cir. 2000)).

Next, Wells and the Romanos argue that the District Court erred by declining to make the restitution order joint and several with two other defendants. We disagree. Our limited remand noted that Defendants and the Government agreed that the amended judgments entered October 16, 2019, "erroneously omitted certain co-Defendants from the list" of those "held jointly and severally liable for the restitution amount" and instructed the District Court to "[c]orrect any clerical errors." *Romano*, 2022 WL 402394 at *3 n.5, *6. The District Court, however, determined that the omission was not a clerical error, which must be the kind of "minor, uncontroversial" mistake that "a clerk or amanuensis might commit." Special App'x 104 (quoting *United States v. Lansing*, 71 F. App'x 84, 87 (2d Cir. 2003) (summary order) (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995))). Because the record does not clearly reveal the previous judge's intent to include those two defendants in the amended judgments of October 16, 2019, *see* Special App'x. at 104–05, the district court here acted within its "considerable discretion" in fashioning an appropriate restitution order, *United States v. Yalincak*, 30 F.4th 115, 122 (2d Cir. 2022); *see also Lansing*, 71 F. App'x at 87 ("[Rule 36] does not permit a court to amend a judgment 'to effectuate its unexpressed intentions at the time of sentencing.'" (quoting *Werber*, 51 F.3d at 343)).

Finally, Joseph Romano argues that the District Court violated his Fifth Amendment right to due process by denying his request for appointed counsel after he had elected to proceed *pro se*. Because Romano could have raised this argument on the first appeal, and did not, he has waived it. *See United States v. Ben Zvi*, 242 F.3d 89, 96 ("[A] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case." (quoting *Cnty. of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d

Cir. 1997))). Romano's related contention that the failure to hold a new restitution hearing on remand violated due process cuts no more ice. Our remand was limited: It required the District Court to review "the timely filed objections of Vincent Romano and Wells" to the R&R, not to restart the restitution hearing process from scratch. *Romano*, 2022 WL 402394 at *6. Accordingly, the District Court's adherence to our instructions did not violate due process.

* * *

We have considered the Defendants' remaining arguments and find them unpersuasive. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe